## State of Vermont v. Eugene P. Martel

[670 A.2d 845]

No. 94-225

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed December 22, 1995

*Jeffrey L. Amestoy*, Attorney General, and *David Tartter*, Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*Judith Brownlow*, Norwich, for Defendant-Appellant.

**Allen, C.J.** Defendant Eugene Martel appeals his conviction for sexual assault, claiming that the trial court erred by (1) not requiring the State to elect which of three alleged sexual acts it relied upon to prove the single count of sexual assault, (2) denying his motion for a mistrial because evidence of a prior assault by defendant on complainant was elicited during redirect examination, (3) not sua sponte declaring a mistrial based on an improper statement in the State's closing argument, and (4) denying his motion for a mistrial and his motion for a new trial based on jury taint. We affirm.

Prior to the events that gave rise to this prosecution, defendant had known complainant for more than two years. The two had maintained a close and intimate relationship, and had even discussed marriage. Their relationship included consensual sexual relations. Complainant visited defendant at his apartment for dinner on the night of January 22, 1993. After eating dinner and conversing, complainant said that she wanted to go home to care for her children. Defendant became angry and told her he would hurt her if she did not stay. He then forced her to have sex with him three separate times. Afterwards, he

inquired as to whether she was injured, but still refused to let her leave until the next day.

Complainant refused contact with defendant during the following week. She would not accept his phone calls and would not visit his apartment. When the two encountered each other on the street on January 28, defendant forced her to accompany him back to his apartment. On the way to his apartment, complainant pounded on the door of a neighboring apartment. When the door opened, she rushed inside. Defendant finally agreed to let her go home if she gave him a hug, which she did.

As a result of the January 28 incident, an arrest warrant was issued for defendant. He was discovered hiding in the attic of his apartment building and apprehended. When the police interviewed complainant regarding the incident and asked why she was so frightened of him, she revealed the events of January 22.

The State charged defendant with one count of sexual assault. Following a jury trial, the district court entered a judgment convicting defendant of sexual assault under 13 V.S.A. § 3252(a)(1)(A), and sentenced him to fifteen to twenty years imprisonment.

## I.

Defendant contends on appeal that the district court erred by allowing the State to introduce evidence of three separate sexual acts in support of one count of sexual assault. At a pretrial conference, defendant sought clarification as to which of the three sexual acts the State had elected to rely upon to prove the charged crime. The State argued that all three acts constituted the offense. The court noted that the three events were temporally distinct, and therefore could not be construed as one event; it also expressed concerns about duplicity. The court then concluded that, absent some objection, the jury would be instructed that it must be unanimous about which of the three acts constituted the offense. Defendant acknowledged the court's proposed instruction but did not object at the pretrial conference or when the jury was instructed. Because defendant failed to object at trial, we will reverse only if we find plain error. *State v. Senna*, 154 Vt. 343, 346, 575 A.2d 200, 202 (1990).

As a general rule, where the State charges a person with one unlawful act, but the evidence reflects two or more acts, the State can obtain only one conviction and should be required to elect which act constituted the charged crime. *State v. Bailey*, 144 Vt. 86, 98, 475 A.2d

1045, 1052 (1984). If the trial court fails to require an election, we will reverse unless the trial court gives an appropriate jury instruction. See *State v. Bonilla,* 144 Vt. 411, 416, 477 A.2d 983, 986 (1984) (trial court must require State to make election or, alternatively, give appropriate jury instruction). The primary danger in not requiring an election is that some jurors may convict on evidence of one act while other jurors may convict on evidence of a different act. As a result, "[t]here will be no unanimous verdict as to defendant's guilt in regard to the single offense charged." *Bailey,* 144 Vt. at 98, 475 A.2d at 1052. A similar danger is that jurors may be swayed by the quantum of proof presented as to all the acts when there is insufficient proof on any one act alone. *Id.*

■ Here, the district court gave an instruction carefully tailored to eliminate these dangers. Defendant was charged with sexual assault under 13 V.S.A. § 3252(a)(1)(A), which defines sexual assault as when "[a] person . . . engages in a sexual act with another person and [c]ompels the other person to participate in a sexual act[,] [w]ithout the consent of the other person." The court instructed the jury that in order to find defendant guilty of this crime, it must find that (1) he engaged in one of the three alleged sexual acts, (2) he compelled complainant to participate in that act, and (3) complainant did not consent to participating in that sexual act. The court specifically instructed the jury that each juror must agree as to which of the three sexual acts constituted the first element of the crime, and that they must look to the evidence of that individual act in order to convict. Such specific instruction eliminates the dangers noted in *Bailey* and comports with the rule announced in *Bonilla.* There was no error.

Defendant also claims that the absence of an election here prejudices him because it is not clear which of the three acts resulted in the conviction for sexual assault. He claims that this uncertainty leads to difficulty with review of the case and with prospects for his rehabilitation. Defendant has not demonstrated how this uncertainty leads to a problem with review, and the similarity of the acts could not affect the prospects for rehabilitation. No prejudice resulted from the absence of election.

## II.

Defendant next argues that the district court erred by denying his motion for a mistrial when complainant's testimony went beyond that

anticipated from voir dire. The denial of a motion for mistrial is within the discretion of the trial court and will not be reversed absent an abuse of discretion. *State v. Turner*, 145 Vt. 399, 402, 491 A.2d 338, 340 (1985).

The testimony to which defendant objected came during redirect examination. Defendant attacked complainant's credibility during cross-examination by showing that she had lost a job by lying to her employer. The trial court then permitted the State to rehabilitate its witness by eliciting testimony that would explain the lie. Because the circumstances surrounding the lie were potentially prejudicial to defendant, the State presented the testimony to the court out of the presence of the jury. During that proceeding, complainant revealed that she had been staying with defendant on the day in question. He had refused to drive her to work, suggesting that she call her supervisor with an excuse. She also revealed that she did not want to go to work because she had bruises on her neck, arms, legs, and chest, and bruises shaped like fingers on her neck. The State noted for the record that defendant had caused the bruises, but stated that it did not intend to present that fact to the jury. The court decided that, although some prejudice arose by way of inference, complainant was not going to link defendant to the bruises and the prejudice was therefore minimal.

Complainant's testimony before the jury varied from the testimony she gave during voir dire. Instead of simply stating that she had finger-shaped bruises on her neck, she said that her neck "was covered with fingerprints from being choked." At that point defendant objected and moved for a mistrial, arguing that the testimony was extremely prejudicial. The district court heard argument on the motion and concluded that, although the statement was more prejudicial than the testimony given in voir dire, it did not warrant a mistrial. We agree. The jury would have been able to draw the inference that the bruises on complainant's neck had been caused by a person even if complainant had given the same testimony she gave in voir dire. Making the inference clearer by mentioning choking did not further prejudice defendant because the question of whether the bruises were caused by him or someone else was not answered by complainant's testimony. Because the court exercised its discretion in a reasonable manner, its denial of defendant's motion for a mistrial must stand. See *State v. White*, 150 Vt. 255, 257, 551 A.2d 1204, 1205 (1988) (trial court's denial of motion for mistrial will be reversed only

if discretion was totally withheld or exercised on grounds clearly untenable or unreasonable).

## III.

Defendant next argues that the district court erred by failing to declare a mistrial after the State made a statement in its closing argument that was not supported by the evidence. Although defendant objected to the argument at trial, he failed to move for a mistrial at that time and brings this argument for the first time on appeal. Again, we will reverse only for plain error.

The record reveals that defendant argued in closing that he and complainant maintained a close and consensual relationship. He also argued that, if the relationship was as violent and abusive as complainant alleged, it defied common sense for complainant to remain involved with defendant as she did. The prosecutor rebutted defendant's argument by stating that "from our own experience it's universal knowledge today that there are people who remain involved with someone in an intimate relationship after physical abuse." No evidence was presented at trial to support this statement. Defendant objected, arguing that this statement unfairly prejudiced his right to a fair trial because it implied a history of physical abuse and suggested a need for the jury to protect complainant from defendant.

Comments made during a closing argument will not amount to plain error unless they are so manifestly and egregiously improper that there is no room to doubt the prejudicial effect. *Bailey*, 144 Vt. at 100, 475 A.2d at 1053. This Court has held that prejudice from improper argument may be determined by a number of factors, including the frequency of the improper argument, *State v. Ayers*, 148 Vt. 421, 426, 535 A.2d 330, 334 (1987), whether the remark was inflammatory and attacked defendant's character, *State v. Ross*, 130 Vt. 235, 238, 290 A.2d 38, 40 (1972), and whether the court gave curative instructions. *Bailey*, 144 Vt. at 101, 475 A.2d at 1054. Considering these factors, any prejudice to defendant by the State's closing argument was negligible. The error occurred only once, and defendant's objection was discussed at the bench outside the hearing range of the jury. The comment was not inflammatory and did not attack defendant's character. Finally, the court gave instruction to the jury that counsel's arguments were not evidence and that any conviction must rest exclusively on the evidence. Because no prejudice to defendant resulted from the State's closing argument, the

district court did not err by failing to declare a mistrial. We reach the same conclusion regarding defendant's argument that the trial court erred by denying his motion for a new trial.

## IV.

Finally, defendant argues that the district court erred when it denied his motion for a mistrial and his motion for a new trial based on jury taint following the discovery in the jury room of a local newspaper containing a potentially prejudicial article about the trial. A trial court's ruling on such motions is discretionary and will not be set aside absent an abuse of discretion. See *Crump v. P & C Food Markets, Inc.*, 154 Vt. 284, 298, 576 A.2d 441, 449 (1990) (denial of motion for new trial will stand unless trial court abused its discretion); *State v. Miller*, 151 Vt. 337, 339, 560 A.2d 376, 377 (1989) (motion for mistrial within discretion of trial court).

A party claiming jury taint must show that "an irregularity . . . had the capacity to influence jury deliberations." *State v. Schwanda*, 146 Vt. 230, 232, 499 A.2d 779, 781 (1985). Following the discovery of the newspaper, the court questioned each juror regarding the newspaper article. The court concluded that the mere presence of the newspaper in the jury room had no capacity to influence the result because the newspaper was concealed inside a bag and none of the jurors knew about or had read the article in question. Because the court properly exercised its discretion, the denial of defendant's motions must stand.

*Affirmed.*