2006 VT 61

Tamie LOISELLE v. Charles
BARSALOW d/b/a Barsalow
Insurance Agency and New Hampshire
Indemnity Company

[904 A.2d 1168]

·No. 05-149

¶ 1. June 26, 2006. This interlocutory appeal turns on whether defendant-appellee New Hampshire Indemnity Company (insurer) properly provided notice to its insured, plaintiff Tamie Loiselle, of the cancellation of plaintiff's automobile insurance policy under 8 V.S.A. §§ 4224(a) and 4226. The trial court held that insurer did comply with the statutes and granted summary judgment in insurer's favor. We affirm and remand.

¶ 2. Plaintiff purchased automobile insurance from insurer through defendant-appellant Barsalow Insurance Agency (Barsalow) beginning in July 1998. The parties agree that insurer attempted to cancel the policy in April 2000 for non-payment of the premium. Insurer claims that it mailed Loiselle a cancellation notice dated March 17, 2000, at her then-current address. The notice stated that insurer would cancel the policy if it did not receive the delinquent premium payment on or before April 9, 2000. Loiselle testified that she never received the notice.

¶ 3. Loiselle testified that she learned of the cancellation in early June 2000, when she called Barsalow after her husband received notice from the State of Vermont that his driver's license was going to be suspended for lack of insurance coverage. Loiselle asked Barsalow about the status of the policy, and Barsalow advised her that insurer had canceled the policy in April and would refund the payment Loiselle had ten-dered in May. Barsalow advised Loiselle that she would have to apply for new insurance in order to obtain coverage.

¶ 4. On June 9, after the above-described interactions with Barsalow, Loiselle had an accident with an uninsured motorist. Insurer denied coverage because, in its view, it had already canceled the policy. Loiselle sued Barsalow and insurer. As to Barsalow, she claimed that the agency had agreed to provide insurance coverage from the time of their conversations prior to the accident until her husband was able to go to Barsalow's office and sign an application for a new policy and pay the initial premium. As to insurer, she claimed that the purported policy cancellation was invalid.

¶ 5. Barsalow moved for summary judgment, arguing that insurer had to cover plaintiff's damages because it did not provide proper notice of cancellation as a matter of Vermont law. Specifically, Barsalow argued that insurer did not comply with 8 V.S.A. § 4226, which requires an insurer to send a notice of cancellation by certified mail or to obtain a certificate of mailing to prove it was sent. Insurer moved for summary judgment against plaintiff and opposed Barsalow's motion, arguing that the cancellation was effective as a matter of law because it did obtain a valid certificate of mailing.

¶ 6. The superior court denied Barsalow's motion and granted insurer's, holding that the certificate of mailing provided by insurer satisfied § 4226, and that insurer proved as a matter of law that it had sent proper notice under 8 V.S.A. § 4224(a), thus effectively canceling plaintiff's policy. The court granted Barsalow's motion to take the instant interlocutory appeal. Barsalow advances two points on appeal: (1) insurer failed to prove a valid certificate of mailing under § 4226; and (2) insurer did not use a proper method of providing notice under § 4224(a). We reject both arguments and affirm.

¶ 7. We review a decision on a motion for summary judgment de novo, employing the same standard as the trial court. *Hardwick Recycling & Salvage, Inc. v. Acadia Ins. Co.*, 2004 VT 124, ¶ 14, 177 Vt. 421, 869 A.2d 82. To prevail on a motion for summary judgment, the moving party must show there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. V.R.C.P. 56(c)(3). Where a genuine issue of material fact exists, summary judgment may not serve as a substitute for a determination on the merits. *Human Rights Comm'n v. Benevolent & Protective Order of Elks*, 2003 VT 104, ¶ 11, 176 Vt. 125, 839 A.2d 576.

I.

¶ 8. First, the trial court correctly concluded that insurer properly provided notice by mail under Vermont law. Under § 4226, "[w]hen notice required under section 4224 or section 4225 of this title is provided by mail, such notice shall be by certified mail, except that in the case of cancellation for nonpayment of premium notice shall be by certified mail or certificate of mailing." The statute does not define the term "certificate of mailing."

¶ 9. To prove compliance with § 4226, insurer proffered a two-page document dated March 16, 2000 and entitled "certificate of mailing." Each page consists of eleven rows of information. Each row contains an item number, a policy number, an addressee's name, address, and ZIP code, an effective cancellation date, and a fee. One page contains an entry for Loiselle. The other page, in addition to the information described above, bears several metered postmarks and a box at the bottom of the page indicating 2331 "Total Number of Pieces Listed by Sender" and 2331 "Total Number of Pieces Received at Post Office" and bearing a signature under "Postmaster Per (Name of Receiving Employee)".

¶ 10. Copies of this document were attached to two affidavits from Bill Conlin, an employee of insurer whose duties included maintaining records of cancellations of insurance policies for nonpayment. Conlin stated that he was familiar with the procedures and documents used by insurer to notify insureds of insurer's intent to cancel due to nonpayment. He also explained the genesis of the two-page document. He stated that documents of that kind were prepared at or near the time indicated with information transmitted by a person with knowledge of the facts contained in the documents. They were kept in the ordinary course of insurer's business, and it was insurer's regular practice to create them. He also described the procedure for mailing out cancellation notices: all of the notices being sent out on a given day would be delivered to the post office with a certificate of mailing. The postal service would customarily stamp the first page of the certificate as confirmation that the notices were mailed.

¶ 11. The trial court was well within its discretion in concluding that, taken together, Conlin's affidavits laid a proper foundation for the two-page document by explaining that it was produced in the regular course of insurer's business using information collected from persons with knowledge of the relevant facts. See *USGen New England, Inc. v. Town of Rockingham*, 2004 VT 90, ¶ 22, 177 Vt. 193, 862 A.2d 269 ("[T]he general standard for review of evidentiary rulings is abuse of discretion . . . ."). Thus, the court properly determined that the affidavits proved "a standard office practice or procedure designed to ensure that items are properly addressed and mailed," thereby giving rise to a presumption that the items reflected on the document, including Loiselle's cancellation notice, were received by the addressees. *Residential Holding Corp. v. Scottsdale Ins. Co.*, 729 N.Y.S.2d 776, 778 (App. Div.

2001). This reliance on insurer's custom and practice in mailing out cancellation notices makes sense because "no one can be expected to have independent recall of all the correspondence mailed out by a business of any size." *Olson v. Hardware Dealers Mut. Fire Ins. Co.*, 156 N.W.2d 429, 432 (Wis. 1968). Barsalow's only evidence to the contrary, Loiselle's denial of receipt, is insufficient. See *Donegal Mut. Ins. Co. v. Pa. Dep't of Ins.*, 694 A.2d 391, 394 (Pa. Commw. Ct. 1997) (holding that when insurer has demonstrated custom as to mailing of cancellation notices, "[a] mere denial that the item was received is not sufficient to overcome the presumption that the item was received"). Therefore, the trial court properly concluded that the two-page document and Conlin's affidavits demonstrated that insurer properly sent Loiselle's notice by certificate of mailing under § 4226.

¶ 12. We reject each of Barsalow's arguments to the contrary. First, Barsalow claims the document is deficient because no postmark or signature appears on the page bearing Loiselle's entry. The page that the post office stamped bears six postmarks: five indicating postage of $99.99 and one indicating postage of $82.80. Given that the page contains only eleven pieces, it stands to reason that the postage reflected by the six postmarks pertains to the entire mailing, not just the pieces listed on that page. Additionally, the postmarked page contains items one through eleven, reflecting Conlin's statement that the post office customarily stamped only the first page of the multipage certificates of mailing generated by insurer.

¶ 13. Barsalow also argues that a certificate of mailing must be a United States Postal Service (USPS) form. Neither the applicable statutes nor the insurance policy at issue here define the term "certificate of mailing." Moreover, USPS guidelines expressly permit the use of USPS Form 3877 *or* a "facsimile" that "contain[s] the same information as the postal-provided form" as a certificate of mailing for three or more pieces. Postal Bulletin S914, Certificate of Mailing, S914.1.4 (Oct. 30, 2003). Thus, we decline Barsalow's invitation to read into § 4226 a requirement that a valid certificate of mailing must be on a USPS-provided form. Because the document proffered by insurer contains the same operative information as USPS Form 3877 — item number, address, and postage — and differs only in its omission of spaces to check off when buying various optional postal services, it is a proper facsimile of Form 3877.

¶ 14. Finally, Barsalow argues that the court erred in considering the two-page document submitted by insurer because the pages were pulled out of a larger document, rendering them untrustworthy. The trial court, however, enjoys broad discretion in making evidentiary rulings, and those rulings will stand on appeal unless the court abused or withheld its discretion. *State v. Hemond*, 2005 VT 12, ¶ 7, 178 Vt. 470, 868 A.2d 734 (mem.). Here, the trial court reasoned that the corresponding titles and headers at the top of each page created a presumption that the two pages were part of the same form. That presumption was bolstered by Conlin's statement that the pages were part of a certificate confirming that 2331 pieces were mailed on or about March 17, 2000. Thus, the record supported the court's consideration of the two-page document, and no abuse of discretion occurred. Accordingly, the trial court correctly held that insurer's proffer of the document and Conlin's affidavits proved compliance with § 4226. See *Donegal Mut. Ins. Co.*, 694 A.2d at 394 (holding that insurer proved mailing of cancellation notices by offering computer printouts showing dates of notices, certificates of mailing corroborating those dates, and testimony that it was

insurer's custom to obtain certificates of mailing and that the documents at issue were created in the normal course of business).

## II.

¶ 15. The trial court also properly interpreted 8 V.S.A. § 4224(a) in holding that insurer gave valid notice of its intent to cancel the policy. Under § 4224(a),

> [n]o notice of cancellation of a policy of insurance ... shall be effective unless mailed or delivered by the insurer to the named insured at least 45 days prior to the effective date of cancellation, provided, however, that where cancellation is for nonpayment of premium at least 15 days' notice of cancellation shall be given.

The question is the meaning of the word "given." Barsalow argues that it means actual receipt by the insured, citing *Rocque v. Co-operative Fire Insurance Ass'n of Vermont*, 140 Vt. 321, 438 A.2d 383 (1981), for the proposition that proof of actual receipt is necessary when the policy does not stipulate the method of notice.

¶ 16. As the trial court aptly explained, however, the phrase "mailed or delivered" in the first clause of § 4224(a) "informs the term 'given' and limits its possible meaning. 'Mail or delivery' defines the method of notice. '[F]ifteen days notice ... given' merely shortens the time requirement in cases of nonpayment." The court also observed that Barsalow's reading would "afford an ambiguous term ('given') precedence over a specific one ('mailed or delivered')." Indeed, Barsalow's reading of § 4224(a) would redefine "notice" to mean actual receipt by the insured instead of "certified mail or certificate of mailing" as provided by § 4226, thus rendering § 4226 a nullity. We presume that the Legislature does not enact meaningless legislation,

*Chittenden v. Waterbury Ctr. Cmty. Church, Inc.*, 168 Vt. 478, 491, 726 A.2d 20, 29 (1998), and that it chooses its language advisedly so as not to create surplusage. *State v. Carroll*, 2003 VT 57, ¶ 7, 175 Vt. 571, 830 A.2d 89 (mem.). Accordingly, we reject Barsalow's reading of § 4224(a).

¶ 17. Further, *Rocque* is inapplicable here because it involved a fire insurance policy not subject to §§ 4224 and 4226. See 8 V.S.A. § 4222(1) (defining "Policy" as "an automobile liability policy" for purposes of subchapter containing §§ 4224 and 4226). Instead, the decision rested on the

> general rule that where an insurance policy ... provides that the policy may be cancelled by giving notice to the insured in a specified number of days, *without stipulating any particular form or way in which such notice must be given*, actual receipt by the insured of such notice is a condition precedent to a cancellation of the policy by the insurer.

140 Vt. at 325, 438 A.2d at 385 (emphasis added). The policy in *Rocque* did not so stipulate, stating only that it could "be cancelled at any time by this Company by giving to the insured a five days' written notice of cancellation." *Id.* By contrast, in the instant case, § 4226 does stipulate a particular method of delivering a notice of cancellation, stating that "in the case of cancellation for nonpayment of premium notice shall be by certified mail or certificate of mailing." Thus, the rule applied in *Rocque* is inapplicable here.

¶ 18. Accordingly, because insurer obtained a valid certificate of mailing of the notice of cancellation under § 4226, and it is undisputed that insurer placed that document in the mail more than fifteen days prior to the cancellation date, it follows as a matter of law that insurer

complied with § 4224(a)'s requirement that "15 days' notice of cancellation shall be given." In light of the above, we need not address insurer's argument concerning whether Loiselle received actual notice of cancellation or its procedural arguments concerning Barsalow's summary judgment motion and opposition.

*Affirmed and remanded.*