Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered July 11, 2011, which granted petitioner Nationwide Insurance Company’s petition to, among other things, permanently stay an uninsured motorist arbitration, unanimously affirmed, without costs.
Respondent Dairyland Insurance Company attempted to cancel respondent Turner’s automobile insurance policy, issued in Vermont, for nonpayment of the premium by mailing the notice of cancellation via the United States Postal Service’s (USPS) 31-digit Intelligent Mail barcode (IMB) for sending bulk mail. Vermont statute requires that a notice of cancellation for nonpayment of premium “be by certified mail or certificate of *913 mailing” (Vt Stat Ann, tit 8, § 4226). Although the statute does not require that a certificate of mailing be on a USPS-provided form (see Loiselle v Barsalow, 180 Vt 531, 533, 904 A2d 1168, 1172 [2006]), Dairyland’s “register of mail” (i.e., its self-generated documentation to prove compliance with Vt Stat Ann, tit 8, § 4226) failed to constitute a certificate of mailing as required by the statute. Indeed, there is no indication that the notice of cancellation was ever received by the USPS, since there were no stamps, postmarks, or signature of a recipient postal employee on Dairyland’s register (cf. Loiselle, 180 Vt at 533, 904 A2d at 1172). The affidavits submitted by Dairyland also failed to demonstrate that the register and the IMB tracking record for the notice of cancellation comply with the certificate of mailing requirement (cf. Loiselle, 180 Vt at 532-533, 904 A2d at 1171-1172). Accordingly, Dairyland failed to show that Turner’s insurance policy was properly cancelled before the subject accident. Concur — Friedman, J.P., Acosta, Abdus-Salaam, Manzanet-Daniels and Román, JJ.