VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 139-12-19 Vtec



| All Star Group, LLC Subdivision Permit Denial |
|---|

## ENTRY REGARDING MOTION

Title:        Motion for Summary Judgment

Filer:        John M Mazzuchi

Filed Date:   March 12, 2020

Response in Opposition to Appellant's Motion for Summary Judgment and Cross Motion for Summary Judgment filed on April 13, 2020, by Celeste E. Laramie Esq., attorney for Appellees/Cross-Appellants Jeffry Glassberg, Amanda Bodell, and Glassberg & Bodell Family, LLC.

Reply in Opposition to Appellees/Cross—Appellants Opposition to Appellant's Motion for Summary Judgment filed on April 28, 2020, by John M. Mazzuchi, Esq., attorney for All Star Group, LLC.

Response in Opposition to Appellees/Cross-Appellants Cross Motion for Summary Judgment filed on May 14, 2020, by John M. Mazzuchi, Esq., attorney for All Star Group, LLC.

Reply in Support of Appellee/Cross-Appellants Cross Motion for Summary Judgment filed on June 12, 2020, by Navah C. Spero, Esq., attorney for Appellees/Cross-Appellants Jeffry Glassberg, Amanda Bodell, and Glassberg & Bodell Family, LLC.

Appellant/Applicant's motion is **DENIED**; Appellees/Cross—Appellants' motion is **GRANTED**.

Appellant All Star Group, LLC ("Applicant") seeks to subdivide a +/-9-acre property, located at 1451 Hallock Road in New Haven, Vermont ("the Property"), into a +/-5.7-acre ("Lot 1") and +/-3.5-acre lot ("Lot 2"). The Town of New Haven Development Review Board ("DRB")

*All Star Group, LLC Subdivision Permit Denial*, 139-12-19 Vtec slip op. (Vt. Super. Ct. Envtl. Div. Jan. 29, 2021) (Durkin, J.).

denied the application, which Applicant subsequently appealed to this Court.[1]  A group of neighbors, Jeffry Glassberg, Amanda Bodell, and Glassberg and Bodell Family, LLC (together "Appellees"), cross—appealed.  In connection with this appeal, Applicant filed their Statement of Questions, which lists 2 Questions on appeal.  Appellees also filed a Statement of Questions, which lists 6 Questions.  By their respective summary judgment motions, both the Applicant and Appellees ask this Court to consider all of Applicant's and Appellees' Questions.

Presently before the Court are Applicant's motion for summary judgment and Appellees cross-motion for summary judgment.[2]  The central issue in this appeal concerns whether the Property is located entirely within the Rural-Agricultural 2 ("RA-2") Zoning District or is a "split lot" spanning both the RA-2 and Rural-Agricultural 10 ("RA-10") Zoning Districts.

Applicant is represented by John M. Mazzuchi, Esq. Appellees are represented by Celeste E. Laramie, Esq.

### Factual Background

We recite the following facts solely for the purposes of deciding the pending partial summary judgment motions.  These recitations do not constitute factual findings, since factual findings cannot be rendered until after the Court has completed a trial.  Fritzeen v. Trudell Consulting Eng'rs, Inc., 170 Vt. 632, 633 (2000) (mem.); see also Blake v. Nationwide Ins. Co., 2006 VT 48, ¶ 21, 180 Vt. 14.

1.  All Star Group, LLC owns a +/- 9-acre parcel ("the Property") located at 1451 Hallock Road in New Haven, Vermont.

---

[1] This matter represents the second appeal involving these same parties and concerning the subdivision of the same property.  In an Entry Order issued on November 22, 2019, this Court remanded the pending subdivision application back to the Town of New Haven Development Review Board so that proper notice could be effectuated upon a statutory party.  See All Star Group, LLC Subdivision Denial Appeal, No. 124-11-18 Vtec, slip op. at 3–4 (Vt. Super. Ct. Envtl. Div. Nov. 22, 2019) (Durkin, J.).  When the DRB again rendered an adverse determination on Applicant's remanded subdivision application, All Star filed the currently pending appeal.

[2] While this decision was pending, Appellees filed a motion to compel, which sought to direct Applicant to supplement specific discovery responses, stay this decision, and impose sanctions for the cost of filing the motion to compel.  This Court granted in part and denied in part the motion ("Compel Decision"), concluding that a stay of this decision was not merited.  See All Star Group, LLC SD Permit Denial, No. 139-12-19 Vtec, slip op. at 5–6 (Vt. Super. Ct. Envtl. Div. Jan. 28, 2021) (Durkin, J.).

*Entry Regarding Motion*                                                                                                          *Page 2 of 13*

*All Star Group, LLC Subdivision Permit Denial, 139-12-19 Vtec slip op. (Vt. Super. Ct. Envtl. Div. Jan. 29, 2021) (Durkin, J.).*

2. On January 29, 2018, All Star filed a permit application to the Town of New Haven, seeking to subdivide the property into a +/-5.7-acre and +/-3.5-acre lot.

3. On October 22, 2018, the Town of New Haven Development Review Board ("DRB") denied Applicant's subdivision application. During this process, the DRB requested that the Town of New Haven Planning Commission ("PC") render a determination delineating the respective boundaries of the RA-2 and RA-10 Districts. The PC determined that the Town of New Haven Zoning Map defined the districts and the Property was a "split lot" located in both the RA-2 and RA-10 Districts.

4. Applicant timely appealed the DRB's decision to this Court. On November 22, 2019, this Court remanded to DRB due to a procedural defect in notice. All Star Group, LLC Subdivision Denial Appeal, No. 124-11-18 Vtec, slip op. at 3–4 (Vt. Super. Ct. Envtl. Div. Nov. 22, 2019) (Durkin, J.).

5. On December 16, 2019, DRB again denied Applicant's subdivision application. Thereafter, Applicant timely appealed to this Court.

6. The Town of New Haven Zoning Bylaws ("Bylaws"), adopted August 21, 2012, require that an RA-2 District Lot have a minimum lot size of 2 acres, pursuant to Bylaw § 1001, and a RA-10 District have a minimum lot size of 10 acres, pursuant to Bylaw § 1003.

7. The Bylaws provide that the RA-2 District "shall be located in an area one lot deep along all present roads of the Town, except U.S. Route No. 7, Vermont Route No. 17, River Road, flood hazard areas and other areas as may be specified below and set forth on the zoning map, which is a part of these regulations." Bylaws § 1001.

8. The Bylaws state that "[i]f uncertainty exists with respect to the boundary of any Zoning District on the Official Zoning Map, the Planning Commission shall determine the location of such boundary." Bylaws, Art. II § 230.

9. The Bylaws note that the Town of New Haven Zoning Map ("Zoning Map") is incorporated as "part of [the Bylaws] and a part of future amendments to these [Bylaws]." Bylaws, Art. II § 220. The Bylaws state that the "locations and boundaries of the Zoning Districts are established as shown on the official Zoning Map. . .." Id.

*Entry Regarding Motion*                                                                      *Page **3** of **13***

*All Star Group, LLC Subdivision Permit Denial*, 139-12-19 Vtec slip op. (Vt. Super. Ct. Envtl. Div. Jan. 29, 2021) (Durkin, J.).

10. The Zoning Map, adopted in 2015, provides a color-coded depiction of the zoning districts:



**Town of New Haven**
*Zoning Districts*

EXHIBIT 1

Legend
Zoning (adopt 2015)
IN (Industrial)
HC (Highway Commercial)
NC (Neighborhood Commercial)
RA-2 (Rural Agricultural - 2 acre)
RA-5 (Rural Agricultural - 5 acre)
RA-10 (Rural Agricultural - 10 acre)
FD (Forest District)
FHD (Flood Hazard District)

Applicant's Motion for Summary Judgment filed Mar. 12, 2020, Exhibit 1 [hereinafter Applicant's Exhibit 1.1] (for illustrative purposes).

11. The Zoning Map also provides a depiction of Applicant's property:



## Town of New Haven - Vicinity of Hallock Rd

### Zoning Districts

**Legend**

**Zoning (adopt 2015)**

- IN (Industrial)
- HC (Highway Commercial)
- NC (Neighborhood Commercial)
- RA-2 (Rural Agricultural - 2 acre)
- RA-5 (Rural Agricultural - 5 acre)
- RA-10 (Rural Agricultural - 10 acre)
- FD (Forest District)
- FHD (Flood Hazard District)

Maple St

RA-10

Hallock Rd

North-

All Star's Property

Applicant's Exhibit 1 [hereinafter Applicant's Exhibit 1.2] (for illustrative purposes). Applicant's property is indicated by an arrow and label to the upper right of the map.

*All Star Group, LLC Subdivision Permit Denial, 139-12-19 Vtec slip op. (Vt. Super. Ct. Envtl. Div. Jan. 29, 2021) (Durkin, J.).*

**Legal Standard**

We begin our analysis by reciting the general standard that to prevail on a motion for partial summary judgment, the moving party must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" on the legal issues presented. V.R.C.P. 56(a), made applicable here through V.R.E.C.P. 5(a)(2). When considering any motion for summary judgment, the nonmoving party receives the benefit of all reasonable doubts and inferences. <u>Robertson v. Mylan Labs., Inc.</u>, 2004 VT 15, ¶ 15, 176 Vt. 356. When considering cross—motions for summary judgment, the court considers each motion individually and gives the opposing party the benefit of all reasonable doubts and inferences. <u>City of Burlington v. Fairpoint Commc'ns, Inc.</u>, 2009 VT 59, ¶ 5, 186 Vt. 332. In determining whether there is any dispute over a material fact, "we accept as true allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material." <u>White v. Quechee Lakes Landowners' Ass'n, Inc.</u>, 170 Vt. 25, 28 (1999) (citation omitted); V.R.C.P. 56(c)(1)(A).

**Discussion**

Applicant's Question 1 and 2 concern whether the DRB erred in denying Applicant's subdivision application and whether the Property is located entirely within New Haven's RA-2 District or is a "split lot" located within both the RA-10 and RA-2 Districts. Applicant argues that the Property is located within the RA-2 District and therefore conforms to that District's minimum lot size of two acres, pursuant to § 1001 (A) of the Town of New Haven Bylaws ("Bylaws"). If we conclude that Applicant's 9-acre Property is wholly located in the RA-2 District, it would be authorized, assuming conformance with other applicable Bylaw provisions, to subdivide the Property into a +/-5.7-acre ("Lot 1") and +/-3.5-acre lot ("Lot 2"). Appellees counter that the Property is a "split lot" located within both the RA-2 and RA-10 Districts. Appellees contend that a "split lot" must adhere to the requirements of both zoning districts and therefore, as the RA-10 District requires a 10-acre minimum lot size, Applicant is barred from subdividing the Property, pursuant to Bylaw § 1003 (A).

*Entry Regarding Motion*                                                                                          *Page 6 of 13*

<u>*All Star Group, LLC Subdivision Permit Denial*</u>*, 139-12-19 Vtec slip op. (Vt. Super. Ct. Envtl. Div. Jan. 29, 2021) (Durkin, J.).*

The core of this dispute centers upon the language of Bylaw § 1001 (A) and the Town of New Haven's Zoning Map ("Zoning Map").  We therefore begin out analysis by considering the relationship between the Bylaws and the Zoning Map.

**I.     Whether the Property is located entirely within RA-2 District or is split between the RA-2 and RA-10 Districts.**

Municipalities are authorized to regulate land development thought the adoption of zoning bylaws and may establish districts on a zoning map that is incorporated into the relevant bylaws. 24 V.S.A. §§ 4411(a) (authorizing towns to restrict, regulate, and determine the subdivision of land); *see also* 24 V.S.A. § 4411(b) (establishing that towns may use zoning maps to regulate, restrict, or prohibit zoning districts); *see also* In re Richard Notice of Violation, No. 151-9-10 Vtec, slip op. at 7 (Vt. Super. Ct. Apr. 29, 2010) (Wright, J.) (discussing the use of zoning maps).

The Town of New Haven's "[z]oning maps are part of the zoning regulations and provide a visual representation of existing bylaws as applied to 'different classes of situations, uses, and structures and to different and separate districts of the municipality.'"  *See* Madden v. Town of New Haven, Docket No. 49-4-14 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Sept. 12, 2014) (Walsh, J.) (*quoting* 24 V.S.A. § 4411(b)) (comparing the Town of New Haven Town Plan Map and Zoning Map).  Indeed, § 220 of the Bylaws explicitly incorporates the Zoning Map as part of the Bylaws. Bylaws, Art. II § 220 ("The location and boundaries of the Zoning Districts are established as shown on the official Zoning Map as recorded in the New Haven Town Offices.").  We therefore afford equal weight to the Zoning Map and Bylaws when considering the delineation of the RA-2 and RA-10 Districts.

The parties disagree on the reading of the Zoning Map.  The Zoning Map depicts Applicant's property as located within a yellow-shaded and tan-shaded area.  *See* Applicant's Exhibit 1.2.  Applicants argue that the yellow-shaded area indicates the RA-2 District's 200-foot lot depth requirement and does not depict the entirety of the RA-2 District.  *See* Applicant's Motion for Summary Judgment filed on Mar. 12, 2020, at 3; Bylaws § 1001-A (stating that the RA-2 District has a 200-foot lot depth minimum).  Appellees counter that the yellow- and tan-shaded

*All Star Group, LLC Subdivision Permit Denial, 139-12-19 Vtec slip op. (Vt. Super. Ct. Envtl. Div. Jan. 29, 2021) (Durkin, J.).*

area represents the full extent of the RA-2 and RA-10 Districts.  *See* Appellees Motion for Summary Judgment filed on April 13, 2020, at 3–5.

The parties also disagree on the interpretation of the language defining a RA-2 District. The Bylaws define the RA-2 District in stating that:

> [The RA-2] district shall be located in an area one lot deep along all present roads of the Town, except U.S. Route No. 7, Vermont Route No. 17, River Road, flood hazard areas and other areas as may be specified below and set forth on the zoning map, which is a part of these regulations.

Bylaws § 1001 (A).

In this case, Applicants argue that the phrase "one lot deep" requires the RA-2 District to include the entirety of a property with frontage on applicable New Haven Town roads, which includes Hallock Road, which is the Town road upon which Applicant's lot fronts.  In addition, Applicants argue that the Bylaws require a 200-foot lot depth for the RA-2 District, which is what is depicted on the Zoning Map.  *See* Bylaws § 1001-A.  Appellees counter that the Zoning Map portrays the zoning districts and makes no indication that it depicts only the 200-foot minimum lot depth that is depicted by a separate Bylaw provision.  As the central issue in this case involves the interpretation of the Bylaws and Zoning Map, we first look to the established cannons of statutory interpretation.  *See* In re Weeks, 167 Vt. 551, 554 (1998) (*citing* Houston v. Town of Waitsfield, 162 Vt. 476, 479 (1994)).

We interpret zoning ordinances according to the general rules of statutory construction. In re Champlain Oil Co. Conditional Use Application, 2014 VT 19, ¶ 7.  Our primary objective is to construe and effectuate the intent behind any regulation.  *See* In re All Metals Recycling, Inc., 2014 VT 101, ¶ 9, 197 Vt. 481; In re Lashins, 174 Vt. 467, 469 (2002) (mem.) ("We adopt a construction that implements the ordinance's legislative purpose and, in any event, will apply common sense.").  We look first to "construe words according to their plain and ordinary meaning, giving effect to the whole and every part of the ordinance."  In re Appeal of Trahan, 2008 VT 90, ¶ 19, 184 Vt. 262; *see also* In re Carroll, 2007 VT 19, ¶ 9, 181 Vt. 383.  If the plain meaning is ambiguous, we will construe intent from consideration of "the whole statute, the subject matter, its effects and consequences, and the reason and spirit of the law."  All Metals

*Entry Regarding Motion*                                                                 *Page 8 of 13*

*All Star Group, LLC Subdivision Permit Denial*, 139-12-19 Vtec slip op. (Vt. Super. Ct. Envtl. Div. Jan. 29, 2021) (Durkin, J.).

Recycling, Inc., 2014 VT 101, ¶ 9, (*quoting* In re Wal–Mart Stores, Inc., 167 Vt. 75, 84 (1997) (internal quotations and citations omitted)).

Applicant argues that (1) the yellow band depicted is precisely 200 feet deep, therefore portraying the 200-foot depth requirement; (2) interpreting the yellow band as the RA-2 zone would render the language "one lot deep" superfluous; and that where (3) the plain language of § 1001(A) conflicts with the Zoning Map. We disagree.

While the yellow band on the Zoning Map spans 200 ft on either side of Hallock Road, we see no basis for concluding that the yellow band does not depict the entire RA-2 District. In their response to Applicant's contention that the yellow band indicates the minimum lot depth, Appellees counter that the Zoning Map does not depict the minimum lot depth of any other zoning districts other than the RA-2 and RA-5 Districts, which would render the Zoning Map's Legend inconsistent and would contravene the Map's purpose in providing clear indication of the various zoning districts. *See* Applicant's Exhibit 1.2 (depicting and listing the "Zoning Districts" and the minimum lot size for each zoning district, while omitting any mention of the lot depths); Bylaws §§ 1001–1008 (listing eight zoning districts); *see also* Wesco, Inc. v. Sorrell, 2004 VT 102, ¶ 14, 177 Vt. 287 (citations omitted) (stating that Court presumes that the legislature does not intend an unreasonable or absurd result.); Loiselle v. Barsalow, 2006 VT 61, ¶ 16, 180 Vt. 531 (mem.). Applicant acknowledges this argument but notes that the Planning Commission may have intended to include differing depictions.

Given the Zoning Map's clear identification of the separate zoning districts and consistent naming of the districts in the legend, we find no purpose in Applicant's argument. Lubinsky v. Fair Haven Zoning Bd., 148 Vt. 47, 49 (1986) (indicating that when meaning of the words chosen is plain, we must give effect to the words chosen). Furthermore, Bylaw § 220 specifies that "[t]he location and boundaries of *Zoning Districts* are established as shown on the official Zoning Map as recorded in the New Haven Town Offices." (emphasis added). The plain language of the Zoning Map and § 220 indicate that the Zoning Map clearly depicts the Zoning Districts rather than any other measurement, including minimum lot depth, frontage, or setback. Our conclusion here is reinforced by the fact that the Zoning Map contains a notation "RA-10," just above the 200-foot

line above Hallock Road; this "RA-10" is noted within a portion of Applicant's lot. See Applicant's Exhibit 1.2, reproduced above at page 5.

Applicant also argues that should the yellow band indicate the RA-2 District, the Zoning Map "would leave the limit of the RA-2 zone as being the same as the required minimum lot depth," thereby rendering the Bylaw language "one lot deep" superfluous. Appellant's Reply to Appellees/Cross-Appellant's Opposition to Appellant's Motion for Summary Judgment, filed April 28, 2020, at 5. Again, we disagree.

The Bylaws, when plainly read, are consistent with the Zoning Map and the plain construction of § 1001(A) supports Appellee's interpretation. Bylaw § 1001 (A) states that the RA-2 District is "one lot deep along all present roads of the Town, *except* [specified roads] *and other areas as may be specified below and set forth on the zoning map*." (emphasis added). The plain reading of this language provides that the Zoning Map operates to generate an exception to the "one lot deep" language. This principle is mirrored in § 1003, which states "[the RA-10 district] shall be located in all areas of the Town not designated by any of the other proposed districts herein and *as specifically delineated on the zoning map*." (emphasis added).

This language clearly incorporates the Zoning Map into defining the parameters of the RA-2 and RA-10 Districts. *See also* Bylaw § 1002 (defining the RA-5 district in the same manner as RA-2); Bylaw § 1004 (establishing the Neighborhood Commercial District as located "as depicted in the [Zoning Map]"). Indeed, should the Court choose to read the "one lot depth" requirement as conflicting with the Zoning Map, this would render the Zoning Map as superfluous at best and at worst an inaccurate depiction of Zoning Districts. Wesco, Inc., 2004 VT 102, ¶ 14 (citations omitted); *see* State Agency of Nat. Res. v. Riendeau, 157 Vt. 615, 620 (1991) (*citing* Weissenstein v. Burlington Bd. of School Comm'rs, 149 Vt. 288, 292 (1988)) ("When provisions of statutes are in apparent conflict, we favor the interpretation that harmonizes the conflicting provisions."). Moreover, the language "one lot deep" is not superfluous as there are depicted in the Zoning Map lots that are entirely within the yellow band. *See* Applicant's Exhibit 1.1 (depicting lots located on Hallock Road within the yellow band); *see also* State v. Carroll, 2003 VT 57, ¶ 7 (mem.)) (noting that the Court presumes that the legislature "chooses its language

advisedly so as not to create surplusage"); <u>Smith v. Town of St. Johnsbury</u>, 150 Vt. 351, 355 (1988).

We turn next to the consideration of legislative intent. Appellees urge this Court to consider the 2011 New Haven Town Plan ("Town Plan") as evidencing the Town's "primary land use goal" in preserving the "rural character" in both the Zoning Map and Bylaws §§ 1001 and 1003. *See* Appellees Opposition to Appellant's Motion for Summary Judgment filed April 13, 2020, at 8; Appellees Reply in Support of Motion for Summary Judgment filed June 12, 2020, at 12 (noting that his language was adopted prior to the adoption of the Bylaws and Zoning Map). Given this directive, it is reasonable to interpret the legislative intent as seeking to preserve the RA-10 District. The intent to preserve rural character lends significant weight to Appellee's argument that an expansive reading of Bylaw § 1001(A) is unreasonable. Indeed, reading § 1001(A) as locating any lot with frontage on a town road in the RA-2 District would drastically reduce the rural character of the Town. See Applicant's Exhibit 1.1 (depicting multiple expansive lots with frontage on town roads).

For the reasons articulated above, we conclude that the Zoning Map depicts the RA-2 and RA-10 Districts as noted by the tan and yellow shadings. Therefore, we must conclude that Applicant's property is "split" between two zoning districts. Thus, we next address whether the subdivision application conforms to the RA-2 and RA-10 District requirements.

## II.     Whether Applicant must comply with RA-2 and RA-10 District requirements.

As a general rule, split lots that span multiple zoning districts must comply with requirements for each district occupied. <u>In re Windjammer Hospitality</u>, 172 Vt. 560, 561 (2001) (mem.) (*citing* <u>McLaughry v. Town of Norwich</u>, 140 Vt. 49, 54–55 (1981)). Where a subdivision results in noncompliance with the minimum lot size requirements of either or any district in which the property is located, the property is considered a nonconforming lot. <u>In re Champlain Oil</u>, No. 200-10-09 Vtec, slip op. at 10 (Vt. Super. Ct. Envtl. Div. July 16, 2010) (Durkin, J.); *see, e.g.*, <u>Myers 2-Lot Subdivision Final Plat</u>, No. 121-6-09 Vtec, slip op. at 3–4 (Vt. Envtl. Ct. Apr. 28,

2010) (Durkin, J.) (denying a subdivision application because a portion of the resulting split lot did not meet the minimum lot size requirement for one of the districts in which it was located).

As emphasized by Appellee, "no land development shall occur unless in conformity with the regulations herein specified for the district in which it is located." Bylaw § 240, see Bylaw § 130 (defining development as including "division of a parcel into two or more parcels"). Thus, the subdivision application must be denied if the proposed subdivision would render either resulting lot in nonconformance with the Bylaws concerning the RA-2 and RA-10 Districts. *See, e.g.,* Champlain Oil, No. 200-10-09 Vtec at 9–10 (July 16, 2010) (stating that the Town of Ferrisburgh's Bylaws prohibit land development unless such development is in conformance with the Bylaws and defining "development" as a change in use of any land).

As previously established, Bylaw § 1003-A requires that proposed lots in the RA-10 District have a minimum lot size of 10 acres. Indeed, Applicants conceded that if the Property is located even partially in the RA-10 zone, the entire Property is subject to the 10-acre minimum lot size requirement, which would therefore prohibit the proposed subdivision. *See* Appellant's Opposition to Appellees/Cross-Appellant's Cross-Motion for Summary Judgment filed on May 14, 2020, at 5–6. As a result, Applicant is effectively barred from subdividing their 9-acre Property. As we have resolved that the applicant is barred from subdivision, this Court need not reach the issue of whether Applicant complies with Subdivision Regulations.[3]

### Conclusion

For the reasons articulated above, we conclude that the Property is a split lot located in both the RA-2 and RA-10 Districts and must therefore comply with the minimum lot size requirements set out in Bylaw § 1003-A, which effectively prohibits Applicant from subdividing their 9-acre lot. We therefore **DENY** Applicant's motion for summary judgment and **GRANT**

---

[3] Appellees raise concerns in their Statement of Questions concerning whether Applicant complies with the Town of New Haven Subdivision Regulations. As this Court has already concluded that the Applicant is barred from subdividing due to the lot size requirements for the RA-10 District, the issue of whether Applicant complies with the Subdivision Regulations is moot.

Appellee's motion for summary judgment. As a consequence of the determinations here, we answer Applicant's Statement of Questions in the following manner:

**Question 1**: in the negative.  The New Haven RA-2 does not include all of Applicant's property.

**Question 2:** in the negative.  The DRB did not err in denying Applicant's subdivision permit.

We therefore **AFFIRM** the DRB's denial of the subdivision application.  Given that our conclusions here result in a denial of the pending application, we do not address the legal issues raised in Appellees' Statement of Questions.  To the extent we should address those legal issues, we conclude that they are rendered **MOOT** by the conclusions we reach here.

This concludes the current proceedings before the Court.  A Judgment Order accompanies this Decision.

**So Ordered.**

Electronically signed on January 29, 2021 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division