**Austin FLUGENCE, Petitioner–Appellant,**

v.

**Robert H. BUTLER, Sr., Warden, Louisiana State Penitentiary, et al., Respondents–Appellees.**

No. 87–4061.

United States Court of Appeals, Fifth Circuit.

June 29, 1988.

Before THORNBERRY, GEE, and POLITZ, Circuit Judges.

POLITZ, Circuit Judge:

Austin Flugence appeals the dismissal of his petition for habeas corpus, 28 U.S.C. § 2254, in which he contended that his guilty plea was invalid because at the time of its entry he was mentally incompetent. He further contends that his petition should not have been dismissed without an evidentiary hearing. Finding merit in neither contention, we affirm.

*Background*

Flugence was indicted for the first-degree murder of his estranged wife, a capital offense, on evidence that he broke into her apartment and shot her to death. His counsel moved for appointment of a sanity commission, and a plea of not guilty by reason of insanity was entered. A Sanity Commission composed of two doctors, one a psychiatrist, was appointed. The doctors separately examined Flugence and then jointly reported that he was mentally competent to assist in his defense in preparation for and at trial.

Thereafter, a sanity hearing was conducted to determine Flugence's competence to assist in his defense. The two doctors testified in support of their written report. At the conclusion of the hearing, the state trial judge found Flugence competent to stand trial.

The trial began. At a break during the course of jury selection the court was informed that a plea agreement had been reached, the charge would be reduced to second-degree murder, and Flugence would plead guilty. The following day the court conducted a *Boykin* hearing,[1] a plea colloquy was completed, and Flugence's guilty plea was accepted. Flugence was sentenced to life imprisonment without benefit of parole for 40 years. Two months later

Lori R. Fregolle, John Wilson Reed, Glass & Reed, New Orleans, La., for petitioner-appellant.

Dracos D. Burke, Asst. Dist. Atty., Bernard E. Boudreaux, Jr., Dist. Atty., New Iberia, La., for respondents-appellees.

1. *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

Flugence was admitted to Angola. During his admissions examination he was diagnosed as a chronic paranoid schizophrenic.

With state court collateral remedies exhausted, Flugence filed the instant petition for federal habeas relief. A federal magistrate reviewed the pleadings, briefs, and state trial record, including the transcript of the competency hearing. She concluded that an evidentiary hearing was not necessary, and that Flugence had failed to establish his lack of competency at the time of his guilty plea. The magistrate's recommendations were accepted and the district court rejected the application for writ relief. We granted a certificate of probable cause and this appeal followed.

## Analysis

The due process guarantees of the Constitution proscribe the trial or guilty plea conviction of a person who is mentally incompetent. *Bishop v. United States,* 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835 (1956). Competency in this setting means that the defendant be able to "consult with his lawyer with a reasonable degree of rational understanding," and possess "a rational as well as factual understanding of the proceedings against him." *Acosta v. Turner,* 666 F.2d 949, 954 (5th Cir.1982), *citing Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960).

The procedures for determining mental competency must also pass constitutional muster. When doubt as to the defendant's mental state is raised during a guilty plea hearing, the court, *sua sponte* if necessary, must conduct an adequate inquiry into the defendant's competence. *Pate v. Robinson,* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). The test on collateral review is "whether, in light of what was then known [by the state trial court], the failure to make further inquiry into [the defendant's] competence to stand trial, denied him a fair trial." *Drope v. Missouri,* 420 U.S. 162, 174–75, 95 S.Ct. 896, 905–06, 43 L.Ed.2d 103 (1975).

In our earlier considerations of this issue, we have underscored that "[t]he burden imposed upon a habeas petitioner to demonstrate incompetency in fact at the time of trial is extremely heavy." *Thompson v. Blackburn,* 776 F.2d 118, 124 (5th Cir.1985), *citing Johnson v. Estelle,* 704 F.2d 232, 238 (5th Cir.1983), *cert. denied,* 465 U.S. 1009, 104 S.Ct. 1006, 79 L.Ed.2d 237 (1984). Citing *Bruce v. Estelle,* 483 F.2d 1031 (5th Cir.1973), the *Thompson* court stated:

Unless the facts "positively, unequivocally and clearly" generate a "real, substantial and legitimate doubt as to the mental capacity" of the defendant to knowingly plead, a court will not find the defendant entitled to habeas relief.

776 F.2d at 124. In *Bruce* we suggested a standard to be applied, including:

a history of mental illness, substantial evidence of mental incompetence at or near the time of trial supported by the opinions of qualified physicians and the testimony of laymen. The burden is on the petitioner to prove his allegations; such proof should be clear and convincing.

483 F.2d at 1043.

A medical inquiry into competency is a fact-finding exercise, and the factual finding of competence is presumed to be correct. 28 U.S.C. § 2254(d); *Maggio v. Fulford,* 462 U.S. 111, 103 S.Ct. 2261, 76 L.Ed.2d 794 (1983); *Bruce v. Estelle,* 536 F.2d 1051 (5th Cir.1976). The issue presented by this appeal is whether the record supports the finding of competence, or whether the trial judge received information which, objectively considered, reasonably should have raised a doubt about Flugence's mental competence at the time of the guilty-plea hearing.

In addition to conclusionary allegations, Flugence points to certain comments he made during the plea colloquy which he contends were so incoherent and bizarre that they should have raised doubt as to his competence. The district court was not persuaded. After reviewing the entirety of the colloquy, we are not persuaded.

When questioned by the court as to what had happened, Flugence replied with a rambling and sometimes disjointed and convo-

luted story, interspersed with invocations of the Deity. He stated that he had no recollection of shooting his wife, that he had gone to her apartment to see the children, that he saw a man exiting the apartment, that he ran up the stairs with his gun in hand, saw blood on the bed and his wife standing against the wall. He denied firing the gun or hearing any shots, but at the same time he recounted that he immediately called his brother and sister on the telephone and told them that he had shot his wife. He denied any recollection of shooting his wife but persisted in his plea of guilty, which the court accepted.

During the competency hearing the two doctors testified that Flugence's recall of facts prior to and after the shooting contained no lapse. They were of the opinion that Flugence was either selectively repressing the particulars of the shooting, or was feigning a lack of memory. They were convinced that the lapse was neither amnesia caused by trauma nor indicative of mental illness. Based on what had been presented to the court at the competency hearing, and the entire plea colloquy, the trial court had adequate grounds to discount the failure of recall of the details of the shooting itself.

The Supreme Court has held that where the record contains strong evidence of guilt, an actual admission of guilt is not a constitutional requirement, and that entering a plea of guilty in order to limit the penalty "does not necessarily demonstrate that the plea of guilty was not the product of a free and rational choice, especially where the defendant was represented by competent counsel...." *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970). As the *Alford* court noted, the evidence of guilt negated the claim of innocence. The same observation is pertinent here. Flugence was faced with a choice between a trial for first-degree murder with a possible death sentence, a trial which was underway, and pleading guilty to second-degree murder. His choice does not betoken irrationality. It is within the reach of the test expressed by the Supreme Court in *Alford*. "The stan-

dard was and remains whether the [guilty] plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." 400 U.S. at 31, 91 S.Ct. at 164.

Nor should we consider the emotional outbursts and invocations of the Deity as being so bizarre as necessarily to be reflective of incompetence. We previously have viewed such outpourings as understandable "emotional releases in the context of this intrafamily tragedy." *Bruce v. Estelle*, 536 F.2d 1051, 1060 (5th Cir.1976).

Having conducted the competency hearing and the plea hearing, the state trial judge was in the best position to assess the petitioner's competence. We logically must and do give substantial deference to that assessment. *Maggio v. Fulford*, 462 U.S. 111, 103 S.Ct. 2261, 76 L.Ed.2d 794 (1983); *United States v. Williams*, 819 F.2d 605 (5th Cir.1987). We cannot say that his assessment was erroneous or that due process was denied.

We likewise find no merit in Flugence's contention that he was entitled to an evidentiary hearing to explore the evidence of subsequent events, specifically, the diagnosis of chronic paranoid schizophrenia upon his arrival at Angola.

Taking his allegations as proven, Flugence falls short of our precedential requirement to "positively, unequivocally and clearly generate a real, substantial and legitimate doubt as to [his] mental capacity ... to knowingly plead." *Thompson v. Blackburn*, 776 F.2d at 124. The fact that he was diagnosed as a paranoid schizophrenic eight months after the sanity hearing, and over two months after the plea hearing, is not sufficient to meet the burden of proof required for issuance of the Great Writ. We find "no history of mental illness [or] substantial evidence of mental incompetence at or near the time of trial supported by the opinion of qualified physicians...." *Bruce v. Estelle*, 483 F.2d at 1043.

We find no error in the judgment of the district court and it is AFFIRMED.