## State of Vermont v. Michael Senna

[575 A.2d 200]

No. 88-128

Present: **Allen, C.J., Peck, Dooley and Morse, JJ.**

Opinion Filed May 11, 1990

344

*Jeffrey L. Amestoy,* Attorney General, *Susan R. Harritt,* Assistant Attorney General, and *Craig Cwick* and *Margaret Cook,* Law Clerks (On the Brief), Montpelier, for Plaintiff-Appellee.

*Walter M. Morris, Jr.,* Defender General, and *William A. Nelson,* Appellate Defender, Montpelier, for Defendant-Appellant.

**Morse, J.** Defendant was charged with kidnapping three women in May of 1986. The three women, employees at a store in Shelburne, testified that defendant had taken them out of the store at knifepoint and forced them to drive with him to an area off the public roadway. Carrying camping gear, they had then walked to a campsite in the woods, with their hands and feet partially bound. After several hours, according to their testimony, defendant released them. The women eventually made it to a police station. The police found defendant at the campsite the following morning.

After a trial by jury, defendant was convicted of three counts of kidnapping and sentenced to three consecutive terms of fifteen to twenty-five years imprisonment. On appeal, he argues that the trial court erred in finding him competent to stand trial at a pretrial competency hearing; that his behavior at trial and at sentencing should have caused the trial judge to inquire again into the question of competency; that at most the evidence warranted only one conviction and sentence; that the trial judge erred by failing to determine whether defendant had discussed the contents of the presentence investigation report with his attorney; and, finally, that the court erred when it failed to disclose to defense counsel an ex parte letter from a Department of Corrections official. We affirm.

Following defendant's arrest and arraignment, the court ordered a psychiatric evaluation to determine his competency. At defense counsel's request, a hearing was held on May 8, 1987 before the Honorable Ronald F. Kilburn, who determined, in findings and conclusions issued on June 16, 1987, that defendant was competent to stand trial.

Defense counsel moved for a second competency hearing on October 2, 1987 based on the "tentative" nature of Judge Kilburn's ruling and on the five-month passage of time since the earlier hearing. Another hearing was then held on November 30, 1987 before the Honorable Edward J. Cashman. The same two defense psychiatrists who had testified at the first hearing also testifed at the second. The judge orally declared that defendant was competent, based on the evidence, but neglected to make specific findings to support his determination.

Defendant argues that the competency ruling should be vacated on three grounds: the record fails to support the finding of competency; the judge used the wrong legal standard to measure competency; and the judge omitted necessary findings. All of these complaints, however, pertain only to the second competency hearing. Defendant assigns no error to the first hearing and does not claim or show that factors and circumstances relevant to defendant's mental state had changed during the six-month period between the two hearings. While defendant's second competency motion stated "the trial judge

must be free to correct obvious errors made or able to consider additional factors since the previous determination," nowhere on appeal does defendant indicate what these may be. Absent a showing of changed circumstances, we will assume that the decision to try defendant was properly based on the unchallenged competency ruling from the first hearing. See *United States v. Percy*, 765 F.2d 1199, 1201–02 (4th Cir. 1985) (reliance on three-month old psychiatric report upheld). Any errors in the second hearing accordingly would be harmless.

██ Defendant next argues that the trial court's failure to inquire further into the question of his competency at several points during the trial and sentencing hearing violated his right to due process. See *Drope v. Missouri*, 420 U.S. 162, 181 (1975) ("trial court must always be alert to circumstances suggesting a change that would render the accused unable to meet the standards of competence to stand trial"). This claim is made for the first time on appeal, however. If defense counsel wished to press the competency issue throughout the proceedings, it was his duty to raise the question before the trial judge. Without that, the issue is not preserved for review on appeal, and we may consider it only if the error amounts to "plain error." V.R.Cr.P. 52(b). Although the defendant's impromptu remarks on three or four occasions during the two days of trial indicate impulsiveness, distrust of the court, and some degree of incoherence, they did not, in our view, compel the judge to conduct sua sponte inquiry into defendant's competence to stand trial, especially in light of earlier findings of competence. See *Flugence v. Butler*, 848 F.2d 77, 80 (5th Cir. 1988) ("emotional outbursts and invocations of the Deity [not] so bizarre as necessarily to be reflective of incompetence"). No plain error appears.

██ Defendant's third argument, that the events here warranted only one kidnapping conviction and sentence, has no merit. Defendant was tried under 13 V.S.A. § 2401 which imposes penalties on a "person who, without legal authority, forcibly or secretly confines or imprisons *another person* within this state against his will." (Emphasis added.) By its plain language, the statute defines an act of kidnapping by reference to the vic-

tim. Although, according to their testimony, defendant took his three victims to the same place at the same time, he was properly charged with kidnapping three persons and may be sentenced accordingly. See 13 V.S.A. § 7032(b); *United States v. Phillips*, 640 F.2d 87, 95–96 (7th Cir.), *cert. denied*, 451 U.S. 991 (1981).

Defendant's fourth claim is that the trial judge failed to determine at the sentencing hearing whether defendant had had the opportunity to discuss the contents of the presentence investigation report (PSI) with his counsel, as required by V.R.Cr.P. 32(a)(1)(A). We disagree. At the beginning of the hearing, the judge asked, "Have the parties read the presentence?" No answer was given. The judge's question was sufficient to raise the issue and, based on the silence of both counsel and defendant, to infer that they had had the opportunity to discuss the PSI. At that point it was defense counsel's duty to object if he believed that his client's rights under Rule 32 were not being met. Moreover, no claim is made that the defendant had *not* discussed the PSI with his attorney, nor what prejudice to him may have arisen even if he had been ignorant of its contents, nor that the report contained any inaccuracies. See *State v. Gabert*, 152 Vt. 83, 90, 564 A.2d 1356, 1361 (1989) (failure to inquire of defendant whether he read PSI not reversible error where "[n]othing in the record suggests that defendant did not review and discuss the PSI with counsel or that he objected to any portion of it").

Finally, defendant claims error under V.R.Cr.P. 32(c)(3) in the court's ex parte receipt of a letter from the Department of Corrections concerning a policy of the Public Defender's Office to prevent the office's clients from talking to corrections officials during preparation of PSI's. Although defense counsel was never mailed a copy of the letter, its contents were referred to in the PSI. Defense counsel therefore had an opportunity to comment on the material in the letter, which he chose not to exercise. Any noncompliance with Rule 32(c)(3) in these circumstances was technical and harmless.

*Affirmed.*