2005 VT 124

## State of Vermont v. Michael LaBounty

[892 A.2d 203]

No. 04-149

Present: **Reiber, C.J., Dooley, Johnson and Skoglund, JJ., and Burgess, D.J., Specially Assigned**

Opinion Filed November 18, 2005

*James A. Hughes*, Franklin County State's Attorney, St. Albans, for Plaintiff-Appellee.

*Matthew F. Valerio*, Defender General, *Henry Hinton*, Appellate Defender, and *Ann E. Johnston*, Law Clerk (On the Brief), Montpelier, for Defendant-Appellant.

¶ 1. **Johnson, J.** Defendant Michael LaBounty appeals his conviction on two counts of grossly negligent operation of a motor vehicle. Defendant argues that the State could properly charge him with only one count of grossly negligent operation for a single act of negligent driving that resulted in serious bodily injury to two people. We reverse on one count and remand for further sentencing proceedings on the other.

¶ 2. Defendant was driving at an extremely high speed in St. Albans when he lost control of his vehicle and crashed, severely injuring his two passengers. Defendant was charged with two counts of grossly negligent operation under 23 V.S.A. § 1091(b), one for each injured passenger. The trial court determined, without objection, that it was appropriate to proceed on both counts, and a jury convicted defendant on both counts. The trial court imposed a sentence of twenty-four months to fifteen years on the first count, and a consecutive, suspended sentence of five to fifteen years on the second count.

¶ 3. Defendant contends that 23 V.S.A. § 1091(b) permits the State to charge only one count of grossly negligent operation for a single act of driving, regardless of how many injuries resulted from that act. Because defendant failed to object to the trial court's decision to allow the jury to consider both counts, we review this issue for plain error only. *State v. Oscarson*, 2004 VT 4, ¶ 27, 176 Vt. 176, 845 A.2d 337. "'Plain error exists only in exceptional circumstances where a failure to recognize error would result in a miscarriage of justice, or where there is glaring error so grave and serious that it strikes at the very heart of the defendant's constitutional rights.'" *Id.* (quoting *State v. Pelican*, 160 Vt. 536, 538, 632 A.2d 24, 26 (1993)). We will reverse only where we find that the error affected defendant's substantial rights and had an unfair prejudicial impact on the jury's deliberation. *Id.*

¶ 4. The question defendant presents on appeal is one of statutory interpretation. Our goal in interpreting statutes is to give effect to the Legislature's intent. *Town of Killington v. State*, 172 Vt. 182, 188-89, 776 A.2d 395, 400-01 (2001). In interpreting a criminal statute, the rule of lenity requires us to resolve any ambiguity in favor of the defendant.

*State v. Goodhue*, 2003 VT 85, ¶ 21, 175 Vt. 457, 833 A.2d 861. This includes ambiguity with respect to the number of offenses that can arise from a single transaction. See *Bell v. United States*, 349 U.S. 81, 84 (1955) ("[I]f Congress does not fix the punishment for a federal offense clearly and without ambiguity, doubt will be resolved against turning a single transaction into multiple offenses . . . .").

¶ 5. The statute under which defendant was convicted provides in relevant part:

> (b) Grossly negligent operation.
>
> (1) A person who operates a motor vehicle on a public highway in a grossly negligent manner shall be guilty of grossly negligent operation.
>
> (2) The standard for a conviction for grossly negligent operation in violation of this subsection shall be gross negligence, examining whether the person engaged in conduct which involved a gross deviation from the care that a reasonable person would have exercised in that situation.
>
> (3) A person who violates this subsection shall be imprisoned not more than two years or fined not more than $5,000.00, or both. If the person has previously been convicted of a violation of this section, the person shall be imprisoned not more than four years or fined not more than $10,000.00, or both. If serious bodily injury as defined in section 1021 of Title 13 or death of any person other than the operator results, the person shall be imprisoned for not more than 15 years or fined not more than $15,000.00, or both.

23 V.S.A. § 1091(b). The statute does not explicitly address the issue of whether an operator of a vehicle is guilty of multiple offenses if multiple injuries occur. The key to determining the Legislature's intent in the absence of explicit guidance is whether "the actus reus prohibited by the statute — the gravamen of the offense — has been committed more than once." *Wilkoff v. Superior Court*, 696 P.2d 134, 137 (Cal. 1985).

¶ 6. The question thus becomes whether the actus reus prohibited by the statute is the act of driving negligently, which defendant committed only once, or the act of causing serious injury, which defendant committed twice. The statute defines the act of grossly negligent operation in terms of driving, not in terms of the consequences that might result from driving negligently. A driver may be convicted of grossly negligent operation regardless of whether an injury occurs, or

even whether an accident occurs. Violation of the statute turns entirely on whether the driver's conduct "involved a gross deviation from the care that a reasonable person would have exercised," while injuries resulting from the driver's gross negligence serve only to enhance a convicted violator's punishment. 23 V.S.A. § 1091(b)(2)-(3). There is no question that defendant could be punished more severely for causing injuries than for deviating from the standard of care, but he was guilty of only one act of grossly negligent operation.

¶ 7. The State argues that the statute's reference to serious bodily injury to "any person" makes it analogous to statutes allowing multiple convictions for harm to multiple victims. The State relies primarily on *State v. Senna*, in which we upheld the defendant's convictions on three counts of kidnapping. 154 Vt. 343, 346-47, 575 A.2d 200, 202 (1990). We held that three convictions were appropriate in *Senna* despite the fact that the defendant had taken all three victims to the same place at the same time. *Id.* In *Senna*, however, we pointed out that the kidnapping statute, "which imposes penalties on a 'person who, without legal authority, forcibly or secretly confines or imprisons *another person* within this state against his will,' . . . defines an act of kidnapping by reference to the victim." *Id. Senna* implies that multiple counts are appropriate against a defendant who harms multiple victims when the statute defines a violation by reference to the victim. This is not true of the grossly negligent operation statute, which defines an act of grossly negligent operation solely by reference to the standard of care required of drivers.

¶ 8. We have not previously considered whether multiple counts are appropriate when the Legislature defines a crime without reference to the victim. Other jurisdictions have, however, addressed this issue with respect to similar statutes and reached the same conclusion. See *United States v. Scranton*, 30 M.J. 322, 324-25 (C.M.A. 1990) (allowing only one court-martial conviction under military drunk driving statute for accident harming multiple victims, despite accompanying guidelines providing for increased sentencing in cases involving personal injury); *Wilkoff*, 696 P.2d at 139 (holding that only one conviction was appropriate under California's driving while intoxicated statute regardless of the number of victims); *Kelly v. State*, 527 N.E.2d 1148, 1155 (Ind. Ct. App. 1988) (interpreting Indiana's driving while intoxicated statute to permit only one conviction for a single act of drunk driving because "the legislature chose to use the result of serious bodily injury or death as a factor enhancing the punishment for the crime rather than as an aspect of the crime itself, *i.e.*, as part of the

definition of the crime"), *aff'd*, 539 N.E.2d 25 (Ind. 1989). In *Wilkoff*, the Supreme Court of California interpreted that state's driving while intoxicated statute to allow only one conviction for a single act of driving because "[i]n contrast to the crimes of murder, manslaughter, administering poison, robbery and sex offenses — all of which are defined in terms of an act of violence against the person — the act prohibited ... is defined in terms of an act of driving." 696 P.2d at 139. Although the California statute refers explicitly to acts causing "death or bodily injury to any person other than the driver," the court explained:

> Defendants are not chargeable with a greater *number* of offenses simply because the injuries proximately caused by their single offense are greater. Rather, the Legislature may provide for increased *punishment* for an offense that has more serious consequences by, for instance, raising the statutory prison terms, adding enhancements, or upgrading the offense from a misdemeanor to a felony. The number and severity of injuries proximately caused by an offense may also be considered by a trial court in sentencing.

*Id.* at 136, 139. Vermont's grossly negligent operation statute makes precisely the same distinction between the prohibited act and the prescribed punishment.

¶ 9. The State attempts to cast *Wilkoff*'s holding as a minority rule, citing *State v. Dunlop*, 721 P.2d 604, 609 (Alaska 1986), which states: "Virtually every other state which has considered this issue has held that multiple punishments for multiple victims of single criminal acts do not violate state or federal double jeopardy provisions." The *Dunlop* court appears to be correct in this regard. See *id.* at 609 n.22 (citing cases from several other states supporting multiple convictions for the same conduct). The State fails to recognize, however, that *Dunlop* arose from a prosecution for vehicular manslaughter, and the cases cited for support in *Dunlop* considered a defendant's multiple convictions of either manslaughter or some other crime of violence. *Id.* at 609 & n.22. The statutes defining these crimes, like the kidnapping statute in *Senna*, do so by reference to the victim. See *id.* at 609 ("In cases of manslaughter or assault, the conduct prohibited is the killing or injuring of a *person*. Where more than one person is victimized, more than one offense occurs."). The same is true of the two other cases the State cites. See *State v. Myers*, 298 S.E.2d 813, 815 (W.Va. 1982) (involuntary manslaughter); *State v. Rabe*, 291 N.W.2d 809, 822

(Wis. 1980) (homicide by intoxicated use of a motor vehicle). Each of these cases, like *Senna*, supports multiple convictions only when a statute includes harm to the victim in the actus reus.

¶ 10. Ensuring that the grossly negligent operation statute adequately protects passengers and drivers from harm is a legitimate concern. Our decision here does not interfere with that goal. We are simply observing that "the act prohibited by the statute was the act of driving, not the act of injuring persons." *Wilkoff*, 696 P.2d at 138; see also *Scranton*, 30 M.J. at 325 n.2 ("This is not to say that drunk driving is not a serious offense or that its prohibition may not ultimately protect the lives of individual persons."). The statute required the State to hold defendant accountable for the injuries resulting from his actions by seeking an enhanced sentence under 23 V.S.A. § 1091(b)(3), not by charging defendant with multiple violations. It was therefore plain error for the trial court to allow the case to proceed on both counts. We recognize, however, that the trial court sentenced defendant on the first count as if that violation had harmed only one victim. We therefore reverse one of defendant's convictions and remand for further sentencing proceedings on a single count of grossly negligent operation, encompassing serious bodily injury to both victims.

*Reversed on the second count and remanded for resentencing on the first count.*