STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION

}
In re Berger & Katz Application    }        Docket No. 119-7-10 Vtec
}
}

Decision and Order on Appellant-Applicants' Motion for Partial Summary Judgment

Appellant-Applicants Claudia Berger and Sheldon M. Katz appealed from a decision of the Development Review Board (DRB) of the City of South Burlington, denying their application to make certain improvements to their house at 54 Central Avenue.  Appellant-Applicants (Applicants) have entered an appearance representing themselves; Applicant Sheldon M. Katz is a Vermont-licensed attorney.  The City is represented by Amanda S.E. Lafferty, Esq.  Interested Person Bruce H. Alvarez has entered an appearance representing himself.

Applicants have moved for partial summary judgment on Questions 1 and 2 of their Statement of Questions.  The following facts are undisputed unless otherwise noted.

Applicants own the residential property at 54 Central Avenue in the Queen City Park zoning district of the City of South Burlington.  Applicants' north property line is the south property line of the Alvarez property. The northerly portion of Applicants' existing house is oriented with its ridgeline running east-west, that is, with its gable ends facing the front (west) and the rear (east) of the property.  The southerly portion of Applicants' house is oriented with its ridgeline running north-south, that is, with its gable end facing the south side of the property.

The existing house is noncomplying with the northerly side yard setback of five feet applicable in the Queen City Park zoning district.  The northwest corner of the

1

existing covered front porch is located approximately 4.5 feet from the north side property line and the northeast corner of the existing open rear deck is located approximately 3.2 feet from the north side property line.[1]

In the April 12, 2010 application that is before the Court in the present case, Applicants applied to the DRB for approval of their plans to make the following improvements, listed under the heading "Project Description" in their application:

1) Enclose existing front porch, one story, to no less than 5' of north property line;

2) Add covered front porch, 6' x 10';

3) Enclose existing rear deck, two stories, [and] extend existing gable roof [over it] to not less than 5' of north property line;

4) Add screened-in rear deck, 8' x 12.5';

5) Add shed dormer on front (west) and rear (east) on south side of building.

The project description in their application also stated that the proposal would result in no added lot coverage, no change in height or ridgeline, and "no change in footprint except addition of front and rear porches described above."

Applicants had applied earlier in 2010 to enclose the entire existing front covered porch, including that portion of it within the five foot north side setback, and to enclose the entire existing rear deck to two stories and extend the roof over it, including that portion of it within the five foot north side setback, as well as to make the other three improvements listed at numbers 2, 4, and 5, above. After being told by the Administrative Officer that their proposed new construction must comply with the 5-foot side setback requirement, Applicants withdrew the earlier application.

Applicants did not appeal to the DRB the Administrative Officer's ruling

---

[1]  The distances from the property line are taken from the sketch plan that is part of Applicants' application; however, Applicants state that "[t]he actual fact is subject to further survey, which may prove that the structure is not within the current setback area." Applicants' Mot. for Partial Summ. J. at 3, n. 3.

regarding the need for their new construction to comply with the 5-foot side setback requirement, nor did Applicants seek DRB approval of their initial application.

Applicants' Motion for Summary Judgment on Question 1

Question 1 of the Statement of Questions asks

[w]hether the Regulations allow the enclosures of the existing footprints of the front porch and of the rear deck without retracting to five feet or more from the property line where § 3.11D(1) expressly excepts properties in [the] Queen City Park District from the requirement that changes comply with setback requirements and § 4.08G expressly provides that Queen City Park properties are not subject to the requirements of § 3.11.

In the context of Applicants' present application, which does not seek to extend the new construction closer than five feet to the property line, the City is correct that this is an entirely advisory question. In re Keystone Development Corp., 2009 VT 13, ¶ 7, 186 Vt. 523 (citing Chase v. State, 2008 VT 107, ¶ 13, 184 Vt. 430) (court lacks authority to render an advisory opinion). The Court sits in place of the DRB to decide only the application before it, not to advise on other issues that have not been appealed to the Court. Question 1 would have been within the scope of an appeal if Applicants had appealed to the DRB from the Administrative Officer's earlier ruling regarding the need for compliance of new construction with the 5-foot side setback requirement. Question 1 would have been within the scope of an appeal from a DRB ruling approving or denying Applicants' initial application. Applicants took neither of those appeals; therefore Question 1 is not within the scope of the present appeal.

Accordingly, Summary Judgment must be DENIED to Applicants and GRANTED to the City on Question 1 of the Statement of Questions, which is hereby DISMISSED.

<u>Applicants' Motion for Summary Judgment on Question 2</u>

Question 2 of the Statement of Questions asks

[w]hether § 4.08G(2) is inapplicable to the proposed enclosures of the front porch and the rear deck and to the proposed shed dormers where these improvements do not increase the maximum height of the structure, do not increase its footprint, and do not increase the exterior square footage of the home.

Question 2 does not contest that the additions of the new front porch and new rear deck described as items 2 and 4 in the application require review under § 4.08(G).

In the Queen City Park zoning district, § 4.08(G)(1) allows alterations to noncomplying buildings without prior approval by the DRB if the work is below a certain threshold cost and does not "[i]nvolve an increase to the structure's height or footprint, or <u>otherwise</u> involve an increase to the square footage of the building or structure." (Emphasis added).

Section 4.08(G)(2) allows the DRB, and hence this Court, to consider approval of an alteration to a nonconforming building in the Queen City Park zoning district that does exceed the threshold cost, not at issue in the present appeal, or that does involve "an increase to the structure's height, footprint or square footage."[2] To be approved, applications subject to § 4.08(G)(2) must meet the Conditional Use Review standards in Article 14, and also must meet the additional standards in § 4.08(G)(3): that the "proposed alteration or expansion" will not adversely affect the views or access to sunlight of adjoining and/or nearby properties, and will not adversely affect adequate

[2] The Ahladas application, attached as Exhibit 2 to Applicants' January 3, 2011 Reply Memorandum, appears to be an example of a proposal that did require § 4.08(G)(2) review because the square footage of the building was increased by the enclosure of a deck. If anything, that application supports the City's position regarding whether § 4.08(G)(2) is applicable. Of course, on the merits of Applicants' proposal under the conditional use standards and the standards of § 4.08(G)(3), if the Ahladas application is admitted into evidence, Applicants will have the opportunity to use the fact that it was approved in support of any argument that their own application should be approved.

4

on-site parking.

As Appellants did apply under § 4.08(G)(2) for DRB approval of the proposed alterations in the present case, and did not argue to the DRB that it does not apply, the City argues that they have waived any claim that their proposal does not increase the square footage of the nonconforming building. However, as five different alterations were proposed in the present application, Appellants are free to raise in this de novo appeal the issue of whether only some but not all of the proposed alterations should have been reviewed under the § 4.08(G)(2) standards.

Appellants are correct that the three factors listed as the trigger for § 4.08(G)(2) refer to increases in the lateral and/or the vertical dimensions of the nonconforming building, rather than to whether existing interior space is converted in use from unimproved space to living space. However, ordinances are interpreted to avoid surplusage, and to carry out the intent of the drafters. See In re Miller, 2009 VT 36, ¶ 14, 185 Vt. 550 (court "must not allow a significant part of a statute to be rendered surplusage or irrelevant"); State v. LaBounty, 2005 VT 124, ¶ 4, 179 Vt. 199 ("goal in interpreting statutes is to give effect to the Legislature's intent"). If square footage meant the same as footprint, the use of the term "square footage" in that provision would be surplusage. Moreover, if square footage meant the same as footprint, the word "otherwise" in § 4.08(G)(1) ("otherwise involve an increase to the square footage of the building") would be surplusage.

Instead, the Court must determine the distinct meaning of "square footage," as used in § 4.08(G), and in the similar language governing nonconformities in other zoning districts in § 3.11(D)(3), from its context and the structure of the ordinance as a whole. The term "building footprint" is defined in the City's Land Development Regulations[3] as

_____

[3]   City of South Burlington Land Development Regulations, § 2.02, available at:

5

[t]he area of land physically occupied by a building on the ground, including any deck, porch or other appurtenant structure attached to the building, and any area of land over which any portion of a building or appurtenant structure overhangs.

It does not include walkways, driveways, or uncovered patios.

The term "square footage" is not defined in the definitions section of the Land Development Regulations, but it is used in the definition of "floor area ratio" in the context of the definition of "floor area," which in turn refers to the sum of the areas of all floors of the building, including enclosed porches, balconies and raised platforms (decks) but not including unenclosed decks, porches or balconies. Thus, the enclosure of an unenclosed deck would increase the square footage of a building even though it would not increase the building's footprint. Similarly, the extension of a room on an upper floor of a house over the roof of an enclosed porch would increase the square footage, even though it would not increase the building's footprint and even though the room extension remained within the building's existing height.

Because the proposed enclosure of the front porch, and the proposed enclosure of and addition to the rear deck, each increases the square footage of the building, they require review under § 408(G)(2).[4]

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that:

1)    Summary Judgment is DENIED to Appellant-Applicants and GRANTED to the City, in that Question 1 of the Statement of Questions calls for an

---

http://www.sburl.com/vertical/Sites/%7BD1A8A14E-F9A2-40BE-A701-417111F9426B%7D/uploads/%7BE089E1C9-D181-475E-988E-8D5A95DBE992%7D.PDF.

[4]  In its memoranda the City did not argue that the proposed dormers, in and of themselves, would have required review under § 408(G)(2). Please be prepared to discuss in the scheduled conference whether this remaining element of Question 2 is agreed or remains to be addressed by the Court.

impermissible advisory opinion with respect to the application before the Court, so that Question 1 is therefore DISMISSED; and

2)      Summary Judgment is DENIED to Appellant-Applicants and GRANTED to the City that Conditional Use Approval is required for the proposed enclosure of the front porch and of the rear deck under § 4.08(G)(2), resolving Question 2 of the Statement of Questions as to all but the proposed dormers.


A telephone conference has been scheduled (see enclosed notice) to discuss mediation and further scheduling in this case.


Done at Berlin, Vermont, this 4th day of February, 2011.


_____
                  Merideth Wright
                  Environmental Judge