*Salmon v. State*, No. 177-5-15 Bncv (Wesley, J., July 15, 2015)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT

SUPERIOR COURT
Bennington Unit

CIVIL DIVISION
Docket No. 177-5-15 Bncv

---

Salmon vs. Vermont

---

## ENTRY REGARDING MOTION

Count 1, Post Conviction Relief (177-5-15 Bncv)

Title:        Motion for Summary Judgment (Motion 1)
Filer:        Sheyon Salmon
Attorney:    Dawn Matthews
Filed Date:  May 20, 2015

Response filed on 06/19/2015 by Attorney Christina Rainville for Respondent State of Vermont
Response filed on 07/01/2015 by Attorney Dawn Matthews for Petitioner Sheyon Salmon

**The motion is GRANTED.**

Petitioner Sheyon Salmon brings this post-conviction relief (PCR) case under 13 V.S.A. § 7131 to challenge the validity of his guilty plea to first degree aggravated assault under 13 V.S.A. § 1043(a)(1). Petitioner, a legal permanent resident in this country, admitted in his plea colloquy to recklessly applying strangling pressure to a girlfriend's neck and restricting her airflow. He contends these facts were insufficient to support his conviction. His position is that reckless strangulation does not qualify as a "serious bodily injury" under 13 V.S.A. § 1021(2), and that, therefore, an element of the assault could not be proved.

As a result of his guilty plea, Petitioner was given a deferred Vermont sentence, but his conviction also led Immigration and Customs Enforcement (ICE) to institute removal proceedings against him. He was taken into ICE detention and granted the relief of voluntary departure to his country of origin. It is that detention and pending departure order which Petitioner contends permits him to argue for PCR. Meanwhile, the State objects that his deferred Vermont sentence is insufficient to give this Court jurisdiction under the PCR statute.

For this court to grant relief, the PCR statute requires that a petitioner be "in custody under sentence." 13 V.S.A. § 7131. Yet, the definition of that phrase is more expansive than the seeming plain meaning might suggest. The crucial question is whether the petitioner is enduring "a significant restraint on personal liberty as a direct result of the challenged Vermont conviction." *In re Stewart*, 140 Vt. 351, 358-60 (1981). Thus, in addition to petitioners detained in state prison or on restrictive parole, a petitioner experiencing serious collateral consequences of a wrongful conviction, including immigration consequences, can seek relief under the PCR statute. *Id*. (citing, inter alia, *Ocon-Perez v. INS*, 550 F.2d 1153, 1154 (9th Cir.

1977)); see also *In re Sinclair*, 2012 VT 47, ¶ 8, 191 Vt. 489 (allowing a PCR petition where petitioner was not serving time under a Vermont conviction, but that conviction was being used to enhance a federal conviction).

For this reason, while Petitioner would not ordinarily be able to bring a PCR case after receiving only a deferred sentence, he can do so here. See *State v. Yates*, 169 Vt. 20, 23 (1999) ("Unlike a suspended sentence, a deferred sentence is not a sentence at all."). Because Petitioner's Vermont conviction has resulted in ICE detention and removal proceedings, Petitioner is confronting serious collateral consequences as a direct result of his that conviction. These are sufficient to make him "in custody under sentence" for purposes of PCR.

Having concluded the petition is properly brought, the Court must next decide whether Petitioner is entitled to summary judgment on its merits. Summary judgment must be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). In ruling on the motion, the Court affords the nonmoving party "the benefit of all reasonable doubts and inferences." *Doe v. Forrest*, 2004 VT 37, ¶ 9, 176 Vt. 476. Under even this stringent test, Petitioner in this case has shown he is entitled to summary judgment.

There are no apparent disputes of fact,[1] and the State does not contest the core of Petitioner's argument. In short, Petitioner explains that his conviction should not stand because reckless strangulation, to which he confessed, cannot support a finding of "serious bodily injury" which was a necessary element of the crime of aggravated domestic assault. To be convicted of first degree aggravated domestic assault, a defendant must have "attempt[ed] to cause or willfully or recklessly cause[d] serious bodily injury to a family or household member." 13 V.S.A. § 1043(a)(1). "Serious bodily injury" is defined in 13 V.S.A. § 1021(2) as consisting of either "(A) bodily injury which creates any of the following: (i) a substantial risk of death; (ii) a substantial loss or impairment of the function of any bodily member or organ; (iii) a substantial impairment of health; or (iv) substantial disfigurement"; or, "(B) strangulation by *intentionally* impeding normal breathing or circulation of the blood by applying pressure on the throat or neck or by blocking the nose or mouth of another person." 13 V.S.A. § 1021(2) (emphasis added). Thus, Petitioner argues, while strangulation is contemplated by the definition of "serious bodily injury," the legislature has specified that it was "intentional[]" strangulation at which the statute is aimed.

This Court's primary purpose is to give effect to the legislature's intent. E.g. *State v. Carroll*, 2003 VT 57, ¶ 7, 175 Vt. 571. Wherever possible, the Court will seek to implement a statute's plain language. However, to the extent that a statute is ambiguous, the Court is guided by long-standing canons of construction. *In re S.B.L.*, 150 Vt. 294, 301–02 (1988). For example, Vermont courts "recognize 'the time-honored precept' in statutory interpretation that *expressio unius est exclusio alterius* (the expression of one thing is the exclusion of another)." *State v. Eldert*, 2015 VT 87, ¶ 27 (citing *State v. Fontaine*, 2014 VT 64, ¶ 10, 99 A. 3d

---

[1] Petitioner's Motion for Summary Judgment was not accompanied by the "separate and concise statement of undisputed material facts" which is ordinarily required. V.R.C.P. 56(c)(1)(A). However, the State's opposition challenged only jurisdiction, without raising any factual dispute as to the claimed basis for Petitioner's motion for summary judgment. As the motion was accompanied by evidentiary support not challenged by the State, the Court will treats it as properly framed.

1034). For another, where statutory sections conflict, "the general . . . must yield to the special." *Appelget v. Baird*, 126 Vt. 503 (1967) (citing *Town of Bennington v. Vail*, 117 Vt. 395, 398 (1952)). Finally, when the ambiguity appears in a criminal statute, it must be resolved in favor of the defendant. E.g., *State v. LaBounty*, 2005 VT 124, ¶ 4, 179 Vt. 199).

Although the statute at issue here is not ambiguous in all contexts, it is when applied to the present situation. A restriction of airflow would seem to constitute a bodily injury creating a "substantial loss or impairment of the function of a[] bodily member or organ," namely the trachea, and therefore it would apparently amount to a serious bodily injury, even if it were caused recklessly. 13 V.S.A.§ 1021(2)(A)(ii). On the other hand, the statute goes on to single out strangulation in a more specific section, and it specifies that it causes a "serious bodily injury" only if it is intentional. *Id*. at § 1021(2)(B). Thus, the Court must resolve this ambiguity with reference to the canons of construction mentioned above. The fact that intentional strangulation was specifically mentioned in the statute indicates a legislative objective not to punish strangulations done with lesser intents under the crime of aggravated domestic assault. Its specification also requires it to operate in place of the more general or catch-all first section of the statute. Further, because this is a criminal statute, the rule of lenity applies, and the Court must interpret "serious bodily injury" as not incorporating reckless strangulation.

In this case, Petitioner, the State, and the Court all acknowledged at the plea colloquy that the only allegations were of reckless strangulation. Indeed, the plea agreement specified: "The parties agree that Defendant acted recklessly, <u>not</u> willfully." Therefore, the facts established did not support a finding or plea that Petitioner caused his girlfriend a "serious bodily injury." Without such a conclusion, an impossibility under the facts as stipulated, the elements of first degree domestic assault were not all met. The facts as pled were insufficient to support the guilty plea and the conviction handed down, and the collateral immigration consequences that followed were thus "in violation of the constitution or laws of . . . the state of Vermont." 13 V.S.A. 7131.

**WHEREFORE**, it is hereby **ORDERED**, Petitioner's Motion for Summary Judgment is **GRANTED** and his conviction for first degree domestic assault is **VACATED**. The charge in Docket No. 216-3-14 Bncr is re-instituted and will be returned to the Bennington Criminal Division for further proceedings.

Electronically signed on July 15, 2015 at 02:28 PM pursuant to V.R.E.F. 7(d).

_____
John P. Wesley
Superior Court Judge

Notifications:
Dawn Matthews (ERN 1463), Attorney for Petitioner Sheyon Salmon
Christina Rainville (ERN 4813), Attorney for Respondent State of Vermont