Robinson, J.,
¶ 31. concurring in part, dissenting in part. Insofar as the majority holds that there was no error in this case in connection with the alcohol-related conditions purportedly applied to defendant, I dissent from the majority’s analysis. However, I concur in the majority’s affirmance of the trial court’s decision concerning those conditions on narrower plain-error grounds.[2]
¶ 32. The probation order in this case included the following condition:
You shall not drink alcoholic beverages to the extent they interfere with your employment or the welfare of your family, yourself or any other person. You must submit to any alcosensor test or any other alcohol test when your probation officer or their designee tells you to do so.
¶ 33. The additional conditions appended to the probation order, listed but not checked, includes the following condition:
You shall not purchase, possess or consume any alcoholic beverages, or illegal substances, and shall enter and successfully complete a course of substance abuse screening and/or treatment, including residential, if so directed by your Probation Officer or designee.
*555 ¶ 34. On the basis of his admission to having wine with dinner on more than one occasion three years prior, the court concluded that defendant had violated the second of the above conditions relating to alcohol consumption.
¶ 35. We have consistently recognized that due process requires that a defendant know what conduct is forbidden before the State initiates a probation revocation proceeding. See State v. Hammond, 172 Vt. 601, 602, 779 A.2d 73, 75 (2001) (mem.) (quoting State v. Bubar, 146 Vt. 398, 405, 505 A.2d 1197, 1201 (1985)); see also State v. Peck, 149 Vt. 617, 619, 547 A.2d 1329, 1331 (1988) (“[D]ue process requires that a convicted offender be given fair notice as to what acts may constitute a violation of [the defendant’s] probation.”). A condition of probation must be “so clearly implied that a probationer, in fairness, can be said to have notice of it.” State v. Austin, 165 Vt. 389, 398, 685 A.2d 1076, 1082 (1996) (quotation omitted).
¶ 36. The first of the alcohol-related conditions in defendant’s probation order clearly suggests to defendant, or any other reasonable probationer, that he is free to possess and consume alcoholic beverages as long as doing so does not interfere with his employment or the welfare of himself or other. In stark contrast, the second of these conditions — the one listed in an appendix to the probation order that lists a host of conditions, each next to an unchecked check-box — completely prohibits defendant from possessing or consuming any alcoholic beverages.[3] These two conditions communicate squarely inconsistent messages as to what conduct is expected of defendant.
*556 ¶ 37. The majority asserts that the two conditions are not contradictory or ambiguous because defendant could meet the requirements of both conditions simply by abiding by the stricter condition. Ante, ¶ 18.
¶ 38. While logically true, the majority’s position on this point is in tension with the requirement that probation conditions must give a defendant fair notice of what conduct is prohibited and what conduct is required. See State v. Sanville, 2011 VT 34, ¶¶ 9-10, 189 Vt. 626, 22 A.3d 450 (mem.). Moreover, it flies in the face of the rule of lenity, requiring us to construe ambiguous statutes — or in this case, probation conditions — in favor of the defendant. State v. LaBounty, 2005 VT 124, ¶ 4, 179 Vt. 199, 892 A.2d 203. The question here is not whether defendant can technically comply with one provision without running afoul of the second, or whether the two can be parsed in a way that is logically consistent; the question is whether the inclusion of both conditions communicates inconsistent messages about what conduct is proscribed.
¶ 39. A California appeals court considered a similar situation in reviewing a probation order that contained three different conditions relating to internet usage. In re Victor L., 106 Cal. Rptr. 3d 584 (Ct. App. 2010). One condition prohibited the minor (in a juvenile case) from accessing or participating in any social networking site; a second prohibited the minor from using, possessing, or having access to a computer with an internet connection; and the third prohibited the minor from using the internet without school or parental supervision. The court noted that the second condition prohibited all internet usage, whereas the first and third conditions contemplated that the defendant would be allowed internet access with certain limitations. Id. at 602. The court rejected the suggestion that in the face of overlap the most restrictive condition prevails, and noted that applying the second condition would render the first and third conditions either superfluous or contradictory. Id. The court explained:
It appears to us that the Internet provisions — part of a pre-printed form — were intended to provide a graduated range of conditions restricting Internet access and were not intended to be checked off willy-nilly in all gang-related cases. ... We believe the form calls for the probation officer and court to assess which level of *557 Internet restriction is most appropriate for the minor in each case and to select the appropriate condition of probation accordingly.
Id. at 602-03.
¶ 40. Concluding that the overlap of the first and third conditions was neither incomprehensible nor contradictory, but that the application of the second condition prohibiting use or access to an internet-enabled computer alongside either or both of the other conditions made no sense, the court concluded that all three conditions together were unconstitutionally vague. Id. at 603. In order to remedy the inconsistency, the court narrowed the second condition so that it only reached the act of possessing a computer with internet access, and did not purport to restrict use or access. Id.
¶ 41. In this case, the various forms from which the State and ultimately the court have drawn conditions likewise provide for a graduated range of conditions relating to alcohol usage that “were not intended to be checked off willy-nilly” in all crimes of sexual violence. Id. Inclusion of both conditions communicates inconsistent messages to a defendant concerning what behavior is proscribed and suggests a lack of the individualized consideration required in the imposition of probation conditions. See Putnam, 2015 VT 113, ¶ 41.
¶ 42. I do not believe this Court’s analysis in State v. Allen, 145 Vt. 593, 496 A.2d 168 (1985), compels a contrary conclusion. In that case, after the court’s imposition of the two alcohol related conditions, the defendant and the State had a dispute about the interaction of the two conditions. Id. at 598-99, 496 A.2d at 171. In response, the State sought clarification from the court, which issued an order affirming that the more stringent condition applied. In the context of a subsequent proceeding for violation of the condition, this Court affirmed the propriety of enforcing the more stringent of the two conditions. Id. In Allen, before the violation, the court specifically addressed and resolved the ambiguity arising from the inclusion of the two provisions. To the extent that any language in the Court’s opinion in that case suggests that the two provisions are not in tension and not ambiguous, it should be overruled as inconsistent with the more rigorous scrutiny of probation conditions that has characterized this Court’s subsequent decisions. See, e.g., Putnam, 2015 VT 113; *558 State v. Campbell, 2015 VT 50, 199 Vt. 78, 120 A.3d 1148; State v. Bostwick, 2014 VT 97, 197 Vt. 345, 103 A.3d 476.
¶ 43. Because the error in imposing inconsistent probation conditions concerning alcohol usage does not rise to the level of plain error on the record in this case, I concur in the Court’s judgment affirming the violation of the no-alcohol condition.
¶ 44. I am authorized to state that Justice Skoglund joins this concurrence and dissent.

 I concur in the Court’s conclusions that in this case the court’s enforcement of probation conditions listed on a form next to unchecked boxes does not rise to the level of plain error and that the probation condition prohibiting defendant from accessing places where children congregate was sufficient to provide defendant notice with respect to his presence at the fair on a Saturday afternoon. I express no opinion on the questions of whether this condition is supportable in this case, is unconstitutionally overbroad, or gives rise to an impermissible delegation of authority to defendant’s probation officer.

 The fact that the attachment purportedly containing the second, more severe condition lists a host of conditions next to check-boxes, all of which are unchecked, further calls into question the enforceability of this condition. I concur with the majority that on the record in this case enforcement of the conditions listed in the attachment next to unchecked boxes does not amount to plain error. Ante, ¶ 10. Prior to the violation at issue here, defendant successfully sought to amend conditions contained on the attachment, undermining the argument that the absence of check marks left this defendant without notice that the listed conditions applied. But we have recognized that use of a list like this, with no specific conditions checked, creates confusion about what conditions are actually imposed. State v. Cornell, 2014 VT 82, ¶ 7, 197 Vt. 294, 103 A.3d 469. And we have held that rote imposition of standardized probation conditions, without any consideration of their applicability in a particular case, “runs afoul of the principles of individualized sentencing.” State v. Putnam, 2015 VT 113, ¶ 41, 200 Vt. 257, 130 A.3d 836. These factors render the probation order in question problematic at best, but are not the basis for this separate opinion.